ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Cooper/Ports America, LLC | )     ASBCA No. 61461 |
| | ) |
| Under Contract No. HTC711-15-D-R036 | ) |

APPEARANCES FOR THE APPELLANT:     W. Barron A. Avery, Esq.
    William T. DeVinney, Esq.
    William B. O'Reilly, Esq.
    Katherine L. McKnight, Esq.
     BakerHostetler LLP
     Washington, DC

APPEARANCES FOR THE GOVERNMENT:     Jeffrey P. Hildebrant, Esq.
     Air Force Deputy Chief Trial Attorney
    Caryl A. Potter III, Esq.
    Lt Col Byron G. Shibata, USAF
    Maj Sondra B. Nensala, USAF
    Christopher S. Cole, Esq.
    Danielle A. Runyan, Esq.
     Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE O'SULLIVAN ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government has filed a motion to dismiss this appeal for lack of subject matter jurisdiction. It argues that appellant, Cooper/Ports America, LLP (CPA) cannot bring the claim that is the subject of this appeal because CPA was not the "contractor" within the meaning of the Contract Disputes Act at the time the claim accrued. CPA opposes the government's motion and argues that under the novation agreement executed by the government, it has the legal right to assert claims that pre-date the novation agreement.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On 28 January 2015, the government awarded Contract No. HTC711-15-D-R036 (the contract) to Shippers Stevedoring Co. ("Shippers") for stevedoring and related terminal services in support of the United States Transportation Command (gov't mot. at 2). Shippers soon began to incur financial losses on the contract and entered into

negotiations with other firms to take over the contract. On 15 November 2016, CPA, Shippers, and the government executed a novation agreement with an effective date of 30 September 2016 (*id.* at 3). On or about 1 October 2016, CPA took over performance of the contract pursuant to the novation agreement (*id.* at 2). CPA has since filed a number of claims against the government, but the claim that is the subject of this appeal is a claim for unilateral mistake in bid based, in part, on the fact that Shippers' bid was 63% below that of the next lowest bidder, Ports America, one of CPA's owners, and contained mistakes that should have been apparent to the government (R4, tab 21).

Pursuant to the novation agreement, all three parties agreed (in relevant part) that:

> (1) The Transferor [Shippers] confirms the transfer to the Transferee [CPA], and waives any claims and rights against the Government that it now has or may have in the future in connection with the contracts.

> (2) The Transferee agrees to be bound by and to perform each contract in accordance with the conditions contained in the contracts. The Transferee also assumes all obligations and liabilities of, and all claims against, the Transferor under the contracts as if the Transferee were the original party to the contracts.

> (3) The Transferee ratifies all previous actions taken by the Transferor with respect to the contracts, with the same force and effect as if the action had been taken by the Transferee.

> (4) The Government recognizes the Transferee as the Transferor's successor in interest in and to the contracts. The Transferee by this Agreement becomes entitled to all rights, titles, and interests of the Transferor in and to the contracts as if the Transferee were the original party to the contracts. Following the effective date of this Agreement, the term "Contractor," as used in the contracts, shall refer to the Transferee.

2

(5) Except as expressly provided in this Agreement, nothing in it shall be construed as a waiver of any rights of the Government against the Transferor.

(R4, tab 17 at 8-9) The language of the novation agreement closely tracks the suggested format contained in FAR Part 42.1204.


DECISION

The government contends that CPA lacks the required privity of contract to qualify as a "contractor" with standing to pursue a claim that accrued at a time that it was not a party to the contract (i.e., pre-novation) (gov't mot. at 6). As amplified in its reply brief, the government asserts that there must have been an express assignment of that claim to which the government consented in order for the Board to find a valid government waiver of the statutory prohibition against assignment of claims (gov't reply at 2-3).

For its part, CPA responds that both the plain language of the novation agreement and Board legal precedent make it clear that CPA, as the successor in interest under the contract, has the right to assert a claim accruing prior to the novation (app. resp. at 1).

Pursuant to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101 *et seq.*, the Board's jurisdiction extends only to appeals brought by a "contractor." A "contractor" is defined as "a party to a Government contract other than the Government." 41 U.S.C. §7101(7). In the instant case, CPA entered into a novation agreement with both the government and its predecessor, Shippers, in which Shippers waived any claims and rights it might have against the government, and the government recognized CPA as the "successor in interest in and to the contracts," "entitled to all rights, titles and interests of the Transferor in and to the contracts as if the Transferee were the original party to the contracts" (R4, tab 17 at 8-9). The Board has previously held that a successor in interest under a novation agreement, pursuant to which it is "entitled to all the rights" of its predecessor as if it were "the original party" to the contract, is recognized by the government as the successor in interest for all purposes, including the right to pursue any claims its predecessor could have pursued. *Vought Aircraft Company*, ASBCA No. 47357, 95-1 BCA ¶ 27,421 at 136,666.

The government argues that, notwithstanding the novation agreement and our decision in *Vought*, the Federal Circuit's decision in *Delmarva Power & Light Co. v. United States*, 542 F.3d 889 (Fed. Cir. 2008) requires that there must have been an express assignment of a claim, to which the government consented, in order for the Board to find a valid government waiver of the statutory prohibition against

assignment of claims (gov't reply at 2-3). We disagree. There was no novation agreement in *Delmarva* to which the government was a party. *Delmarva* stands for the proposition that, in the absence of government consent by way of a novation agreement, the government may, in other ways, recognize an assignment of claims. In that case, the government had filed with the Court of Federal Claims a document purporting to accept the assignment of claims contained in a Transfer Agreement to which it had not been a party. In upholding the decision of the Court of Federal Claims validating the assignment, the Federal Circuit followed the analysis and reasoning of its predecessor, the Court of Claims, in *Tuftco Corp. v. United States*, 614 F.2d 740 (Ct. Cl. 1980).

The Anti-Assignment Act consists of two separate statutory provisions. *Fireman's Fund Ins. Co. v. England*, 313 F.3d 1344, 1349 (Fed. Cir. 2002); *Tuftco Corp.*, 614 F.2d at 744. One provision, 41 U.S.C. § 15(a) (now 41 U.S.C. § 6305) prohibits the assignment of contracts, but allows monies due from the United States to be assigned to a financing institution. The other, 31 U.S.C. § 3727(a) prohibits the assignment of claims against the United States and contains a similar exception for assignments to financing institutions. Both *Delmarva* and *Tuftco* recognized that the government may validly waive the application of the Anti-Assignment Act; in each case the issue was whether the government, by its actions, had in fact done so.

*Tuftco* involved the assignment of contracts rather than the assignment of claims and, as in *Delmarva*, there was no novation agreement. The court observed that while it is unclear precisely what actions by the government will constitute recognition of an assignment, "[t]he soundest and most accepted method of establishing recognition by the Government is for all three parties to enter into a novation agreement." *Tuftco Corp.*, 614 F.2d at 745. However, it continued, a novation agreement is not the exclusive means of establishing recognition, and where the government's course of conduct, its statements to the parties, and its dealings with the assignee indicate it recognizes the assignee as the contractor, recognition has been found. *Id.* *Tuftco* proceeded to find that the actions of the government were sufficient to constitute recognition of the assignments.

In this case, it is unnecessary for us to conduct such an analysis because the government expressly recognized CPA as the "contractor" in the novation agreement. Moreover, it recognized CPA as "entitled to all rights, titles and interests of the Transferor in and to the contracts as if the Transferee were the original party to the contracts." To read this broad recognition as excluding the right to pursue a claim accruing to the original contractor, as the government urges us to do in this case, would do violence to the clear intent of the agreement. If the tables were turned, and CPA had urged us to limit its assumption of "all obligations and liabilities of, and all claims against, the Transferor under the contracts as if the Transferee were the original

4

party to the contracts" to those liabilities or claims expressly spelled out in the agreement by the government, we doubt the government would acquiesce.

That the reciprocal provision entitling the transferee to "all rights, titles, and interests" of the transferor does not expressly include the word "claims" does not change our conclusion. We reject as lacking merit the government's argument that the absence of the word "claims" in the paragraph recognizing CPA as the successor in interest reflects an intent on the part of the drafters of the FAR to exclude from the novation agreement a transferee's ability to pursue pre-novation claims (gov't reply at 7-8). The right to pursue pre-novation claims is well within the government's recognition that CPA possesses all "rights, titles, and interests" as if it "were the original party to the contracts." *Vought Aircraft Co.*, 95-1 BCA ¶ 27,421 at 136,666.

The government's motion to dismiss for lack of jurisdiction is denied.

Dated: 2 May 2018

LYNDA T. O'SULLIVAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61461, Appeal of Cooper/Ports America, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals